O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 07-1023-DOC(MLGx)                                        Date: October 22, 2008

Title: GENERAL TRUCK DRIVERS, OFFICE, FOOD AND WAREHOUSE UNION, LOCAL 952 a/w THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS v. COCA-COLA BOTTLING COMPANY OF SOUTHERN CALIFORNIA

---

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                   Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                              Not Present
  Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                   NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DENYING RESPONDENT'S MOTION TO DISQUALIFY PETITIONER'S COUNSEL AND GRANTING RESPONDENT'S MOTION TO ORDER JOINDER OF PARTY

   Before the Court is Respondent Coca-Cola Bottling Company of Southern California's Motion to Disqualify Petitioner's Counsel and Order Joinder of Party. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the Court removed the hearing date from its calendar. After considering the moving, opposing, and replying papers, the Court hereby DENIES Respondent's Motion to Disqualify Petitioner's Counsel and GRANTS Respondent's Motion to Order Joinder of Party.

**I.     BACKGROUND**

Petitioner, General Truck Drivers, Office, Food and Warehouse Union, Local 952 a/w The International Brotherhood of Teamsters ("Local 952") is a labor organization recognized as the collective bargaining representative for certain employees of Respondent Coca-Cola Bottling Company of Southern California ("Coca-Cola").  The employees covered by Local 952 work at Coca-Cola's Orange and Rancho Cucamonga, California facilities.  On April 4, 2005, Local 952 and Coca-Cola entered into a collective bargaining agreement (the "952 CBA") on behalf of these employees.  The 952 CBA provides that all disputes arising out of the interpretation and application of the 952 CBA be handled through binding arbitration.

Salesdrivers, Helpers and Dairy Employees Local Union No. 683 a/w The International Brotherhood of Teamsters ("Local 683") represents Coca-Cola employees working at the San Diego facility and entered into a collective bargaining agreement on their behalf with Coca-Cola Bottling Company of San Diego (the "683 CBA").  Local 683 is not a party to the 952 CBA.

In late 2006, Coca-Cola opened a new Oceanside, California Distribution Center (the "Oceanside Facility").[1]  Coca-Cola allegedly transferred work performed by employees represented by Local 952 and Local 683 to the Oceanside Facility.  Further, Coca-Cola allegedly told Local 952 and Local 683 that neither union's collective bargaining agreement applied to the Oceanside Facility and indicated that neither union's employees would be allowed to follow their work to the Oceanside Facility.

The law firm of Tosdal, Smith, Steiner & Wax (the "Firm") and its attorney Ms. Fern M. Steiner have represented both Local 952 and Local 683 in all their resulting disputes with Coca-Cola regarding the Oceanside Facility.

On December 22, 2006, Local 952 submitted a grievance letter to Coca-Cola (the "Grievance") alleging that Coca-Cola violated a number of the 952 CBA provisions in the opening of the Oceanside Facility and requesting arbitration.  Coca-Cola has repeatedly refused to arbitrate the Grievance.  As a result, Local 952 filed a Petition to Compel Arbitration (the "Petition") with this Court on September 6, 2007.

Since Local 952's submission of the Grievance to Coca-Cola and before filing of the Petition, Local 683 requested that Coca-Cola recognize it as the exclusive bargaining representative for the Oceanside Facility.  Local 683 filed a petition with the National Labor Relations Board (the "NLRB") to represent the Oceanside employees, and on August 2, 2007, the Oceanside employees elected Local 683 as their exclusive collective bargaining representative.  The NLRB certified the

---

[1]Petitioner's Statement of Facts in its Opposition indicates that the Oceanside Facility was opened on February 20, 2007.  However, this inconsistency in the parties' briefing regarding the opening date for the Oceanside Facility does not affect the resolution of the motions involved here.

election results on August 20, 2007.

On July 29, 2008, Local 683 and Coca-Cola entered into a collective bargaining agreement on behalf of the Oceanside employees (the "Oceanside CBA"). Local 952 allegedly participated in the negotiations regarding the Oceanside CBA. In continuing to pursue its Grievance, Local 952 claims that it is not seeking to represent employees at the Oceanside Facility or to otherwise apply the terms of the 952 CBA to the Oceanside Facility.

In both its Grievance sent to Coca-Cola on December 22, 2006, and its Petition filed with this Court on September 6, 2007, Local 952 alleges that Coca-Cola violated the following provisions of the 952 CBA in its opening of the Oceanside Facility: Section 2.A. addressing management rights and obligating Coca-Cola to bargain with Local 952 on subjects of mandatory bargaining; Section 16 and other unidentified provisions addressing seniority and so-called "follow the work" provisions for delivery, warehouse, full service, cooler service, and transport positions; Section 20 relating to full service employees; Sections 18, 19, 21, and 22 "regarding compensation and benefits for bargaining unit positions" and other mandatory employment conditions based on the 952 CBA; and Section 33 requiring Coca-Cola to notify Local 952 when it needs additional employees and to accept applicant referrals from Local 952.

On October 6, 2008, Respondent filed with this Court a Motion to Disqualify Petitioner's Counsel and Order Joinder of Party.

## II.   LEGAL STANDARD

### A.   DISQUALIFICATION OF COUNSEL BASED ON CONFLICT OF INTEREST

Motions to disqualify counsel brought in federal court are decided under state law. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). The trial court has discretion to disqualify counsel based on standards of professional conduct, including conflicts of interest. *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). Pursuant to California law, the district court must carefully examine the implications of counsel disqualification. These considerations involve "a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145 (1999); *accord Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1161 (N.D. Cal.2006). These factors are then balanced against "the need to maintain ethical standards of professional responsibility." *People ex rel. Dep't of Corps.*, 20 Cal. 4th at 1145; *see also William H. Raley Co. v. Superior Court*, 149 Cal. App. 3d 1042, 1048 (1983) (indicating that the court must consider "the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest").

### B. JOINDER OF PARTY

Federal Rule of Civil Procedure 19 governs joinder of parties and aims at protecting the rights of persons who should be part of a lawsuit. Determining whether a party should or must be joined is a two-part test: first, the court must determine whether the party is necessary. *Takeda v. NW Nat'l Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir. 1985). A party is necessary if complete relief cannot be granted among the existing parties without the absent party's presence. Fed. R. Civ. P. 19(a). Alternatively, a party is necessary if it has an interest in the subject of the lawsuit that may be impaired or impeded by its absence, or its absence creates the risk of multiple or inconsistent obligations regarding the claimed interest. Fed. R. Civ. P. 19(a). If the party is necessary but joinder will destroy jurisdiction, the court should consider the factors set forth in Federal Rule of Civil Procedure 19(b) to determine whether in equity and good conscience the case can proceed without the non-joined party. Fed. R. Civ. P. 19(b); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109, 88 S. Ct. 733, 737-38 (1968); *Takeda*, 765 F.2d at 819.

## III. DISCUSSION

### A. DISQUALIFICATION OF PETITIONER'S COUNSEL

Coca-Cola contends that Petitioner's Counsel must be disqualified from representing Local 952 in the present action because Petitioner's Counsel also represents Local 683, the NLRB-certified exclusive union representative of the Oceanside employees. Coca-Cola argues that a direct and actual conflict exists between Petitioner's Counsel's duty to Local 952 and its duty to Local 683. In essence, Coca-Cola alleges that by pursuing Local 952's arbitration grievance, Petitioner's Counsel will be attempting to apply the 952 CBA to the Oceanside employees even though Local 683 is supposed to be the exclusive representative of the Oceanside employees and has entered into the Oceanside CBA on their behalf. Thus, Petitioner's Counsel cannot protect Local 952's interests in the arbitration grievance without compromising Local 683's status as the exclusive collective bargaining representatives of the Oceanside employees.

Petitioner responds by arguing that there is no conflict between Local 952 and Local 683 because Local 952 is not actually seeking to represent the Oceanside employees. In the alternative, Petitioner argues that Coca-Cola lacks Article III standing to raise an alleged conflict of interest between Local 952 and Local 683.

However, both parties agree that California law controls motions to disqualify counsel based on a conflict of interest, and according to California law, Coca-Cola cannot prevail on its motion. Under California law, disqualification of counsel based on a conflict of interest is not appropriate "where the party seeking the attorney's disqualification fails to establish that such a party was or is" in an attorney-client relationship with the attorney sought to be disqualified. *In re. Lee G.*, 1 Cal. App. 4th 17, 27 (1991); *see also Civil Service Com. v. Superior Court*, 163 Cal. App. 3d 70, 76-77 (1984)

(stating that "[b]efore an attorney may be disqualified from representing a party in litigation because his representation of that party is adverse to the interest of a current or former client, it must first be established that the party seeking the attorney's disqualification was or is 'represented' by the attorney in a manner giving rise to an attorney-client relationship").

Neither party contends that Coca-Cola has been or is currently in an attorney-client relationship with any attorney practicing at the law firm of Tosdal, Smith, Steiner & Wax or Ms. Fern M. Steiner in particular. Further, Coca-Cola has not alleged any facts suggesting that Ms. Steiner or her associates at the Firm have acted or are acting as fiduciaries to Coca-Cola in any other capacity, barring any argument that Coca-Cola and the Firm have established a relationship based on loyalty, trust, and confidence akin to an attorney-client relationship. Therefore, Respondent's Motion to Disqualify Petitioner's Counsel is DENIED.

### B. JOINDER OF LOCAL 683

#### 1. Complete Relief Under Fed. R. Civ. P. 19(a)(1)(A)

Neither Respondent nor Petitioner contends that complete relief cannot be accorded the existing parties absent the joinder of Local 683. Thus, Fed. R. Civ. P. 19(a)(1)(A) is not an appropriate basis for joining Local 683.

#### 2. Prejudice to Local 683's Interests Under Fed. R. Civ. P. 19(a)(1)(B)(i)

Under Federal Rule of Civil Procedure 19(a)(1)(B)(i), joinder of an absent party is required where that party claims an interest in the subject of the action such that disposition of that action in the party's absence may impair or impede the party's ability to protect that interest. In other words, if the absent party has an interest that could be adversely affected by the relief petitioner requests, the absent party should be joined to the action. *Virginia Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998); *Occident Petroleum Corp. v. Buttes Gas & Oil Co.*, 331 F. Supp. 92, 105 (D.C. Cal. 1971).

Citing a number of cases, Local 952 argues that joinder is inappropriate under this provision because Local 683 knows about the instant action and has not sought to intervene. *United States of America v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999). Thus, Local 952 argues, it is inappropriate for Coca-Cola to promote the interests of an absent party who has made a reasoned decision not to participate in the instant matter. *United State ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994). However, even conceding that it is inappropriate for Coca-Cola to champion the interests of Local 683 when Local 683 has sought not to intervene, this Court finds that joinder of Local 683 is necessary to protect Coca-Cola from the risk of incurring inconsistent obligations as discussed below. As a result, a resolution of whether joinder is appropriate under Fed. R. Civ. P. 19(a)(1)(B)(i) is unnecessary.

### 3. A Substantial Risk of Coca-Cola Incurring Multiple or Inconsistent Obligations Under Fed. R. Civ. P. 19(a)(1)(B)(ii)

This Court agrees that joinder of Local 683 is appropriate under Federal Rule of Civil Procedure 19(a)(1)(B)(ii). Joinder under this provision requires a showing that an existing party will incur the risk of multiple or inconsistent obligations due to an interest claimed by an absent party. In the context of labor union and employer relations, joinder of an absent labor union is necessary when its members perform work at a designated location and another labor union attempts to apply its collective bargaining agreement to that already covered location. *Local 1351 Int'l Longshoremens Ass'n v. Sea-land Serv. Inc.*, 214 F.3d 566, 570 (5th Cir. 2000). The specific risk in the absence of joinder is that the employer could be subject to inconsistent arbitration awards if the unions separately institute arbitration grievance procedures requesting that their collective bargaining agreements apply to the designated location. *See Window Glass Cutters of America , AFL/CIO v. Am. St. Gobain Corp.*, 428 F.2d 353, 354-55 (3rd Cir. 1970) (holding joinder necessary where there "was a substantial risk that arbitration of the dispute between only the Company and the League would expose the Company to the risk that the Ceramics Union would in turn institute a separate grievance against the Company leading potentially to conflicting awards").

Local 683's claimed interest in the subject matter of this action is its NLRB-certified status as the exclusive collective bargaining representative of the Oceanside employees and its concomitant right to have the terms of the Oceanside CBA applied to those employees. If Local 952 arbitrates its grievance, this Court has difficulty understanding how an arbitration award in Local 952's favor will not involve an attempt to apply the terms of the 952 CBA to Oceanside employees. Even if the terms of the 952 CBA will only be applied to Oceanside employees who have transferred from facilities covered by Local 952 (the Orange and Rancho Cucamonga facilities), such an application of those provisions to employees now working at the Oceanside Facility compromises Local 683's status as the exclusive union representative at that site.

For example, a number of the 952 CBA provisions that Local 952 claims Coca-Cola violated in the opening of the Oceanside Facility involve general wage, health insurance, and pension benefits secured for Coca-Cola employees represented by Local 952. See Sections 18, 19, 21, and 22 of the 952 CBA. Assuming Local 952 prevails in its arbitration dispute and the arbitration award seeks to enforce these provisions at the Oceanside Facility, this clearly appears to be an application of the 952 CBA to Oceanside employees. If Local 683 through separate arbitration then seeks to assert its status as the exclusive union representative of the Oceanside employees and argues that only the Oceanside CBA should govern the terms of employment for Oceanside employees, Coca-Cola risks being subject to inconsistent obligations. In other words, this Court agrees that Coca-Cola cannot comply with both the terms of the 952 CBA and the Oceanside CBA.

As the basis for its argument that Coca-Cola will not incur multiple or inconsistent obligations if the 952 CBA Grievance is arbitrated in Local 683's absence, Local 952 claims that it is

only seeking to arbitrate whether employees covered by the 952 CBA have a right to follow their work to the new Oceanside Facility. In making this allegation, Local 952 states that the "following of work is not representational" and that any employees represented by Local 952 who are allowed to follow their work to the Oceanside Facility will then be covered by Local 683 and the Oceanside CBA. Indeed, Local 952 repeats throughout its Opposition that it is not seeking to represent employees at the Oceanside Facility or to otherwise apply the 952 CBA to employees at the Oceanside Facility.

However, as stated previously, this Court has difficulty in understanding how an application of wage, health insurance, and pension benefits in the 952 CBA to transferred employees does not constitute representation of those employees at the Oceanside Facility. Further, as Coca-Cola points out, Local 952's claim that it is only trying to enforce "follow the work" provisions in the 952 CBA appears to be false. First, as cited above, the sections of the 952 CBA allegedly violated by Coca-Cola do not speak only to an employee's right to follow his work from a covered location to a newly opened location not covered by the union. Instead, many of the cited sections appear to be general provisions governing conditions of employment. Indeed, the phrase "follow the work" appears in none of the 952 CBA sections specifically cited by Local 952. And none of the cited provisions even address the transfer of employees to new Coca-Cola facilities.

Second, as Coca-Cola points out, the December 22, 2006 Grievance sent to Coca-Cola and the September 6, 2007 Petition to Compel Arbitration filed with this Court allege the same violations of the 952 CBA by Coca-Cola. Yet, between submission of the Grievance and the filing of the Petition, Local 683 was certified as the exclusive collective bargaining representative of the Oceanside employees and entered into the Oceanside CBA on their behalf. If Local 952 is now merely attempting to ensure that its members can follow their work to the Oceanside Facility and then be covered by the Oceanside CBA, one might expect to see some differences between the Grievance (written when the parties disputed what, if any, union represented the Oceanside employees) and the Petition (filed after the representation issue was resolved).

Local 952 cites to *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir. 1984), in support of its argument that it is not seeking to represent employees at the Oceanside Facility, and therefore an arbitration decision in its favor will not subject Coca-Cola to the risk of multiple or inconsistent obligations. However, that case is inapposite. In that case, the collective bargaining provision at issue explicitly required the employer to continue making trust fund payments on behalf of employees who originally worked within the bargaining unit but were later transferred to a new store location outside the unit. *Id*. at 1372-3. Thus, the court found that the union was not actually seeking to represent employees at the new location but instead was only seeking to obtain benefits already secured for employees represented at the original bargaining unit. *Id*. at 1378. However, in the instant case, Local 952 is not only seeking to enforce a benefit secured for transferred employees. As repeated by this Court, the 952 CBA provisions allegedly violated by Coca-Cola speak to more than transferred employees. In fact, the 952 CBA sections do not specifically address the rights of employees transferred to new Coca-Cola locations outside the jurisdiction of Local 952.

And further, the possibility of a representational dispute between unions is not even raised by the facts of *United Food & Commercial Workers Union*. In that case, the court's finding that the union was not seeking to represent employees at the new location was in direct response to the employer's allegation that recognizing the collective bargaining provision protecting transferred employees would somehow interfere with the self-organizational rights of other employees at the new location. *Id.* at 1377, 1378-9. The facts of that case were not complicated by the presence of a union at the new location deemed to be the exclusive collective bargaining representative for employees at that location.

And as Coca-Cola points out, even if Local 952 is only seeking to enforce a follow the work provision for transferred employees, the representation of Oceanside employees by Local 683 could create inconsistent obligations for Coca-Cola. For example, if any Oceanside employees are displaced by the transfer to the Oceanside Facility of employees represented by Local 952, Coca-Cola could be subject to grievances from Local 683 as a result of such displacement. Local 952's self-serving contention in its Opposition that "Local 683 is fully aware of this possible outcome and so advised employees in Oceanside" does not preclude this possibility.

Coca-Cola has made an adequate showing that it may be subject to a risk of multiple or inconsistent obligations if Local 683 is not joined in this action. Therefore, Respondent's Motion to Order Joinder of Party is hereby GRANTED.

## IV.   DISPOSITION

For the reasons set forth above, Respondent Coca-Cola Bottling Company of Southern California's Motion to Disqualify Petitioner's Counsel is hereby DENIED and Order Joinder of Party is hereby GRANTED.

The Clerk shall serve this minute order on all parties to the action.